### State v. Peterson
### *[Cite as 4 AOA 294]*

*Case No. 56966*
*Cuyahoga County, (8th)*
*Decided June 21, 1990*

John T. Corrigan, Cuyahoga County Prosecuting Attorney, James Valentine, Assistant Prosecuting Attorney, The Justice Center, 1200 Ontario, Cleveland, Ohio 44113, for Plaintiff-Appellee.

Thomas Roche, 340 Western Reserve Building, Cleveland, Ohio 44113, for Defendant-Appellant.

J. V. CORRIGAN, P.J.

Defendant-appellant Daniel Peterson ("appellant") appeals his conviction for Trafficking in Counterfeit Controlled Substances, in violation of R.C. 2925.37. The facts giving rise to the instant appeal are as follows:

On September 9, 1988, Officers Roger Murray and Jeffrey Ryan of the Cleveland Police Department were patrolling the King Kennedy

housing projects in the area of East 59th Street and Scovill Avenue in the City of Cleveland, Ohio. While parked in a vacant lot just west of East 59th Street, Officers Murray and Ryan observed appellant standing on the sidewalk of East 59th Street flagging down passing automobiles. Appellant waved a plastic bag in one hand while he screamed to the passing cars.

As appellant approached an automobile that had slowed down to a stop, Officers Murray and Ryan approached the scene in their zone car. Upon observing the police zone car, the other vehicle sped away leaving appellant standing on the sidewalk flagging down other cars.

Officers Murray and Ryan exited their zone car and conducted a pat-down search of appellant. The officers confiscated $14.00 in cash and a plastic baggie containing 11 smaller plastic baggies. Each of the 11 plastic baggies contained what the officers suspected to be crack cocaine. The officers placed appellant under arrest at which time appellant informed then that they had nothing on him, because each of the 11 smaller plastic baggies contained vitamin B. The substance found on appellant tested negative for the presence of any controlled substance, including cocaine.

On October 6, 1988, appellant was indicted by the Cuyahoga County Grand Jury with one count of Trafficking in Counterfeit Controlled Substances, in violation of R.C. 2925.37, and with one count of Possession of Criminal Tools, in violation of R.C. 2923.24. Both counts in appellant's indictment carried a violence specification. At his arraignment on October 14, 1988, appellant pleaded not guilty to the charges against him.

On November 28, 1988, a bench trial commenced. Appellant was found guilty of Trafficking in Counterfeit Controlled Substances and acquitted of the Possession of Criminal Tools charge. Appellant was sentenced to one and one-half to five years incarceration.

Appellant filed a timely notice of appeal and subsequently raised the following assignment of error:

"THE VERDICT IS AGAINST THE MANI-
FEST WEIGHT OF THE EVIDENCE."

When called upon to do so, this court has the duty to determine whether convictions are contrary to the manifest weight of the evidence. *State, ex rel. Squire* v. *Cleveland* (1948), 150 Ohio St. 303, paragraph eight of the syllabus; *State* v. *Robinson* (1955), 162 Ohio St. 486. The court in *State* v. *Martin* (1983), 20 Ohio App. 3d 172, set forth the test to be utilized when addressing the issue of manifest weight of the evidence. The *Martin* court stated:

"The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* at 175.

This court is mindful that the weight of the evidence and the credibility of witnesses are primarily for the trier of facts. *State* v. *DeHass* (1976), 10 Ohio St. 2d 230, paragraph one of the syllabus. Generally, a reviewing court will not reverse a verdict where the trier of facts could reasonably conclude from substantial evidence that the state had proved the offense beyond a reasonable doubt. *State* v. *Eley* (1978), 56 Ohio St.2d 169.

Appellant was convicted of Trafficking in Counterfeit Controlled Substance, in violation of R.C. 2925.37, which provides in pertinent part:

"(B) No person shall knowingly make, sell, offer to sell, or deliver any substance that he knows is a counterfeit controlled substance."

Reviewing the evidence as a whole, the state provided sufficient evidence to allow the trial court to conclude that appellant was guilty of Trafficking in Counterfeit Controlled Substances, pursuant to R.C. 2925.37, beyond a reasonable doubt. Therefore, appellant's conviction was not against the manifest weight of the evidence.

Accordingly, appellant's assignment of error is without merit and is overruled.

*Judgment affirmed.*

MATIA, J., and NAHRA, J., concur.